IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LUMNUI DIDLER, Individually and on**              **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                       No. 5:21-cv-306

**MAOFU HOME HEALTH CARE SERVICES**          **DEFENDANTS**
**INCORPORATED and ANNE HOLLAND**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COMES NOW Plaintiff Lumnui Didler ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Maofu Home Health Care Services Incorporated and Anne Holland (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

## I.  PRELIMINARY STATEMENTS

1.      Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and applicable administrative rules and regulations for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

## II.      JURISDICTION AND VENUE

2.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Defendant conducts business within the State of Texas.

4.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5.      Plaintiff was employed by Defendant within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

6.      Plaintiff is an individual and a resident of Bexar County.

7.      Separate Defendant Maofu Home Health Care Services Incorporated ("Maofu") is a domestic, for-profit corporation.

8.      Maofu's registered agent for service of process is Anne Ewube Holland, at 6319 Lynkat Lane, Houston, Texas 77083.

9.      Separate Defendant Anne Holland ("Holland") is an individual and resident of Texas.

10.      Defendants, in the regular course of their business, maintain a website at http://www2.maofuhcs.com/.

### III.   FACTUAL ALLEGATIONS

11.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12.     Defendant provides home health care services.

13.     Holland is a principal, director, officer, and/or owner of Maofu.

14.     Holland, in her role as an operating employer of Maofu, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

15.     Holland took an active role in operating Maofu and in the management thereof.

16.     Holland, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's job entailed.

17.     Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as vehicles, fuel and medication.

18.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

19.     At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

20.     Plaintiff was employed by Defendant from December of 2020 until February of 2021 as a Caregiver.

21.     Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

22.     Defendant also employed other Caregivers.

23.     Defendant also classified other Caregivers as salaried employees, exempt from the overtime requirements of the FLSA.

24.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

25.     At all relevant times herein, Defendant directly hired Caregivers to work at its jobsites, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26.     As a Caregiver, Plaintiff was responsible for caring for Defendant's patients, including cooking, cleaning, doing laundry, taking them on errands such as grocery shopping, and administering medication.

27.     Other Caregiver had similar duties to Plaintiff.

28.     Plaintiff and other Caregivers did not hire or fire any other employee.

29.     Plaintiff and other Caregivers were not asked to provide input as to which employees should be hired or fired.

30.     Plaintiff and other Caregivers did not exercise discretion or independent judgment as to matters of significance.

31.     Plaintiff's and other Caregivers' primary duties were repetitive, rote or mechanical tasks which were subject to close review and management.

32.     Plaintiff and other Caregivers sought input from their supervisors in lieu of making significant decisions on their own.

33.     In carrying out their duties, Plaintiffs and other Caregivers followed the processes set by Defendant and others.

34.     Plaintiff regularly worked over forty hours each week.

35.     Plaintiff estimates she regularly worked approximately 104 hours per week.

36.     Specifically, Plaintiff's regular schedule required her to work from 4 pm until 8 am, Monday through Friday, and 8 pm to 8 am on Saturday and Sunday.

37.     Upon information and belief, other Caregivers had similar schedules and worked a similar number of hours to Plaintiff.

38.     Plaintiff was paid $1,200.00 every two weeks.

39.     Plaintiff was paid less than the $684.00/week minimum required by the FLSA. *See* 29 C.F.R. § 541.600.

40.     Upon information and belief, other Caregivers were paid a similar amount.

41.     In most weeks, Plaintiff worked so many hours that her constructive hourly rate fell below the lawful minimum wage.

42.     Upon information and belief, other Caregivers also regularly worked a sufficient number of hours to cause their constructive hourly rate to fall below the lawful minimum wage.

43.     Plaintiff and other Caregivers were not paid overtime wages for hours worked over forty per week.

44.    At all relevant times herein, Defendant has deprived Plaintiff and other salaried Caregivers of overtime compensation for all of the hours worked over forty per week.

45.    Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's locations because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

46.    Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.    REPRESENTATIVE ACTION ALLEGATIONS

47.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48.    Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Minimum wages for all hours worked;

B.    Overtime premiums for all hours worked in excess of forty per week;

C.    Liquidated damages; and

D.    The costs of this action, including attorney's fees.

46.     Plaintiff proposes the following class under the FLSA:

**All salaried Caregivers, and all salaried employees
whose duties are similar to Caregivers, who worked over
forty hours in any week within the past three years.**

47.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file written a Consent to Join this lawsuit.

48.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49.     The proposed FLSA collective members are similarly situated in that they share these traits:

A.     They worked more than 40 hours in most or all weeks;

B.     They had substantially similar job duties, requirements, and pay provisions;

C.     They were paid a salary;

D.     They were misclassified by Defendant as exempt from the overtime requirements of the FLSA; and

E.     They were subject to Defendant's common policy of failing to pay overtime wages for all hours worked over forty each week.

50.     Plaintiff is unable to state the exact number of the class but believes that there are at least twenty other employees who worked as Caregivers and were misclassified as salaried employees.

51.    Defendant can readily identify the members of the Section 16(b) class, which encompasses all salaried Caregivers.

52.    The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V.    FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

53.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55.    At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56.    At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58.     At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

59.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

60.     Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

61.     Defendant's failure to pay Plaintiff all wages owed was willful.

62.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.     SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

63.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

64.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

65.     At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

66.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay

1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67.    At all times relevant to this Complaint, Defendant misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

68.    Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 each week.

69.    Defendant failed to pay Plaintiff and all other similarly situated employees a lawful minimum wage for all hours worked.

70.    Defendant's failure to pay Plaintiff and all others similarly situated all wages owed was willful.

71.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lumnui Didler, individually on behalf of all others similarly situated, respectfully prays as follows:

A.    That Defendant be summoned to appear and answer this Complaint;

B.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

C.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D.      Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and its related regulations;

E.      Judgment for liquidated damages pursuant to the FLSA and its related regulations;

F.      An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

G.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**LUMNUI DIDLER, Individually**
**and on Behalf of All Others**
**Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com